STATE OF NORTH CAROLINA, EX REL. A. G. MYERS, J. ALLAN TAYLOR, E. K. BISHOP, JAS. A. GRAY, JOHN W. HOUSE, I. M. BAILEY, GEORGE MARSH, T. J. PURDIE, M. O. BLOUNT, T. AUSTIN FINCH, CHAS. G. YATES AND SAM P. BURTON, CONSTITUTING THE TRANSPORTATION ADVISORY COMMISSION, v. WILMINGTON - WRIGHTSVILLE BEACH CAUSEWAY COMPANY, TIDEWATER POWER COMPANY, SHORE ACRES COMPANY ET AL.

(Filed 2 July, 1930.)

**Eminent Domain C a—Demurrer to action by State for title to land necessary for inland waterway held properly overruled.**

Upon pertinent allegations of the complaint by the State ex rel. Transportation Advisory Commission for the immediate possession of lands necessary to be conveyed to the U. S. Government for the inland waterway, a demurrer to the complaint by parties claiming title to the *locus in quo* is bad when it is made to appear that immediate possession is necessary to prevent delay in the construction of the canal and the rights of the claimants to just compensation is preserved and the faith and credit of the State is pledged for its payment in the event that they are able to establish their title, and an order of the court giving such immediate possession is not error, the right of the State thereto for this purpose being paramount.

APPEAL by defendants from order of *Grady, J.,* at September Term, 1929, of NEW HANOVER. Affirmed.

This is an action for judgment and decree that the strip of land described in the complaint is needed and required for the construction of the Inland Waterway Canal through the State of North Carolina, as authorized by an act of the Congress of the United States; that plaintiff, the State of North Carolina, is the owner of said strip of land, with the right to use same for said purpose, without compensation to the defendants or to either of them, notwithstanding claims asserted by said defendants to said strip of land; or if it shall be adjudged herein that the defendants or any of them are entitled to compensation for the taking of said strip of land by the plaintiff, for said purpose, for judgment and decree condemning said strip of land under

the power of eminent domain inherent in the State of North Carolina, by reason of its sovereignty, and providing for the ascertainment as provided by law of the sum of money to which said defendants or any of them, are entitled as compensation for the taking of said strip of land by the plaintiff, for said purpose, to the end that plaintiff may pay the same, and thus acquire the title to said strip of land required for said purpose free and clear of the claims of said defendants or any one of them; and in the meantime for an order allowing and permitting the State of North Carolina to take possession of said strip of land to the end that it may convey the same to the United States, to be used by the said United States in the construction of said Inland Waterway Canal without delay.

Issues, both of law and of fact, are raised by the pleadings, which have been duly filed by the parties to the action. These issues have not been tried or determined.

At September Term, 1929, an order was made in the action, as follows:

"This cause coming on to be heard, after due notice given in open court, before his Honor, Henry A. Grady, judge holding the courts of the Eighth Judicial District, at the regular September, 1929, Civil Term of the Superior Court of New Hanover County, and being heard, upon the duly verified petition for condemnation of the lands referred to therein, and hereinafter described, which said petition was duly filed by the Transportation Advisory Commission for and on behalf of the State of North Carolina, under and pursuant to chapter 44, Public Laws of 1927, as amended by chapter 7, Public Laws 1929, and upon verified answer of defendants and their motion for injunctive relief, and it appearing to the court:

1. That the petition seeking condemnation of the lands described therein was duly filed in this cause on 15 July, 1929, as provided by law.

2. That process was duly and properly issued at the time of the filing of said petition in this court providing for personal service upon all of the above named resident defendants and service by publication upon the nonresident defendants, according to the statutes of this State.

3. That the lands referred to in the petition, and hereinafter described, are condemned for a purpose paramount to all other public uses and are necessary and essential for use in the construction of the Intra-Coastal Waterway from Beaufort Inlet to the Cape Fear River, and said lands have been designated for such use by the proper authority of the United States of America, and are more particularly defined and described herein.

4. That immediate possession is necessary and essential, to the end that the construction of the said Intra-Coastal Waterway shall not be delayed.

5. That under and by virtue of the provisions of chapter 44, of Public Laws of 1927, as amended by chapter 7, Public Laws of 1929, the said Transportation Advisory Commission from and after the institution of this proceeding, shall have and is given the right to take immediate possession of the above described lands and premises on behalf of the State of North Carolina, to the extent of the interest to be acquired, and the Governor and Secretary of said State are directed to execute a deed to the United States, which shall thereupon be entitled to appropriate and use the said lands for the purposes for which condemnation is sought.

Now, therefore, it is ordered, adjudged and decreed, that such title as is contemplated and established under the statutes hereinbefore referred to, in and to the lands and premises hereinbefore described, has vested in the State of North Carolina, and the said State has the right to the immediate possession of said property, and the said State of North Carolina, its agents, assigns, employees and contractors are hereby granted the possession of said lands for the purposes necessary in the construction of the said Intra-Coastal Waterway.

It is further ordered, adjudged and decreed that this proceeding be, and the same is hereby retained upon the dockets of this court, for the ascertainment of such damages arising out of the condemnation as the defendants herein may be entitled to receive.

HENRY A. GRADY, *Judge, etc."*

From this order, defendants appealed to the Supreme Court.

*John Bright Hill and Bryan & Campbell for plaintiffs.*
*Rountree & Carr and Davis & Poisson for defendants.*

CONNOR, J. There was no error in the refusal of the trial judge to dismiss this action, in accordance with the motion of defendants, which was in effect a demurrer *ore tenus* to the complaint. The facts alleged in the complaint are sufficient to constitute a cause of action on which plaintiff is entitled to the relief prayed for, (1) either that upon these facts it be adjudged that the plaintiff, the State of North Carolina, is the owner of the land described in the complaint, having such title thereto as is paramount to any title which may have vested in the defendants or in either of them, and is therefore entitled to enter into possession of said land and to use the same for the purpose desired, without compensation to the defendants or to any of them, notwithstand-

ing any title which the said defendants may have to said land; or (2) if it shall be adjudged in this action that defendants or any one of them is entitled to compensation for the taking of said land by the State of North Carolina, by reason of its ownership of the same, that said land be condemned, and that the sum of money which said defendant is entitled as just and adequate compensation for the taking of said land by the State of North Carolina be ascertained as provided by law, to the end that the State of North Carolina may pay such sum of money, and thus acquire such title to said land as plaintiff is required to have in order that said land may be used for the purpose desired. The contention of the plaintiff that neither of the defendants is the owner of the land described in the complaint or of any part thereof, as against the State of North Carolina, is bona fide. Whether this contention is well founded or not, depends upon the facts as they may be established at the trial of the action. If the contention is not sustained, then it is admitted by the defendants that the State of North Carolina, under the power of eminent domain inherent in said State by reason of its sovereignty, has the right to take said land for the purpose desired, upon the payment of full and adequate compensation to such of the defendants as may be adjudged the owners of the land. Thus it is contended by the plaintiff that the State of North Carolina has the right to take possession of the land and to use it for the purpose desired, either without compensation to defendants, if it shall be finally adjudged in this action that the title of the State is paramount to any title which the defendants or any of them have to the land, or with compensation if it shall be finally adjudged in this action that defendants or any of them are entitled to compensation, as owner or owners of the land. We know of no principle of law which requires that plaintiff shall abandon either of these bona fide contentions in order that it may recover the relief, if any, to which it is entitled. If it shall be found that the State has the right to take and hold possession of the land, only by the exercise of its power of eminent domain, then the action may be transferred to the clerk of the Superior Court of New Hanover County, in order that the sum to which defendants who are owners of the land are entitled as just and adequate compensation may be ascertained in accordance with the provisions of chapter 33 of the Consolidated Statutes insofar as said provisions are applicable. *S. v. Lumber Co., post,* 199. Every right which the defendants or any of them have in or to the land described in the complaint can be and will be fully protected in this action. It is expressly provided by the statute under which the relator is prosecuting this action (section 2, chapter 44, Public Laws of North Carolina 1927), that "all sums which may be assessed in favor of the owner of any property condemned hereunder, shall constitute and remain a fixed and

valid claim against the State of North Carolina until paid and satisfied in full, but the judgment in any condemnation proceeding shall divest the owner of the land condemned of all right, title, interest and estate in and to such land and property when entered." Thus the faith and credit of the State is pledged for the payment of any sum or sums which may be assessed in favor of the defendants as compensation for the land taken by virtue of this action, if it shall be adjudged that said defendants are entitled to compensation. We, therefore, hold that there was no error in the refusal of the court to dismiss this action.

The order from which defendants have appealed, as we construe its provisions, is only to the effect that the State of North Carolina has the right to the immediate possession of the land described in the complaint, for the purpose desired, and that it shall hold such possession under such title as the court may hereafter determine, in this action, the State of North Carolina has to said land when the issues of law and of fact arising on the pleadings have been tried and decided. The order does not undertake to decide these issues.

Many interesting and important questions are discussed in the briefs filed on this appeal. We are of the opinion that these questions are not now presented for discussion or for decision. We have, therefore, not discussed or decided them. As we find no error in the order entered in this action, it is

Affirmed.